# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION
# LEXINGTON

| | |
|---|---|
| LINDA'S LEATHER, LLC, ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 5:21-cv-00046-CHB-MAS |
| ) | |
| VICTOR ZAMBRANO, ) | |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |

### MEMORANDUM OPINION & ORDER[1]

Plaintiff Linda's Leather, LLC seeks an award of fees and expenses under 28 U.S.C. § 1447(c) and 28 U.S.C. § 1927 incurred because of Defendant Victor

---

[1] The undersigned enters this Memorandum Opinion and Order pursuant to Judge Boom's Standing Case Management and Referral Order [DE 27], which authorizes the assigned Magistrate Judge to resolve all non-dispositive pretrial motions other than evidentiary motions. Judge Boom cites 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72 as the sources of that authority. Under § 636(b)(1), magistrate judges may "hear and determine" non-dispositive pretrial matters, while dispositive motions must be addressed through proposed findings and recommendations, subject to de novo review. Rule 72(a) similarly permits magistrate judges to issue orders on non-dispositive matters, which may be reviewed for clear error or legal error. Rule 72(b), by contrast, governs dispositive motions and requires magistrate judges to submit recommendations for de novo review.

In some instances, attorneys fees motions are dispositive and therefore fall under Rule 72(b). *See Massey v. City of Ferndale*, 7 F.3d 506, 509–10 (6th Cir. 1993) (holding that a magistrate judge lacks authority to determine motions for sanctions, attorneys' fees, or costs) (citing *Homico Constr. & Dev. Co. v. Ti–Bert Sys., Inc.*, 939 F.2d 392, 394 n.1 (6th Cir. 1991)); *Est. of Conners by Meredith v. O'Connor*, 6 F.3d 656, 659 (9th Cir. 1993) (holding that a magistrate judge lacked authority to enter a final order on a post-judgment motion for attorneys' fees); *Paris v. U.S. Dep't of Hous. & Urban Dev.*, 795 F. Supp. 513 (D.R.I. 1992), rev'd on other grounds, 988 F.2d 236 (1st Cir. 1993) (concluding that a post-judgment fee motion may be referred under § 636(b)(3) for a report and recommendation). However, courts have found that fee motions tied to pretrial sanctions under fee-shifting rules, such as Federal Rule of Civil Procedure 37, are non-dispositive. *See Cage v. Harper*, No. 17-CV-7621, 2020 WL 1248685, at *20 (N.D. Ill. Mar. 16, 2020) (holding that "a Rule 37 award is within a magistrate judge's power to issue as orders because it is a pretrial nondispositive matter"). Here, the motion for attorneys fees is a pretrial motion and does not dispose of any claim or counterclaim. This ruling does not affect the adjudication of the claims pending before the Court.

Zambrano's unsuccessful effort to consolidate this matter with a separate, improperly removed case in this District, *Zambrano v. Scott*, No. 5:24-cv-00336-KKC (E.D. Ky. 2024). Judge Caldwell has already ruled that Zambrano improperly removed *Zambrano v. Scott* to this Court and ordered him to pay $3,939.84 for expenses incurred as a result of that improper removal. *Zambrano v. Scott*, No. 5:24-CV-336-KKC, 2025 WL 1833814 (E.D. Ky. July 2, 2025) (order denying motion to consolidate) (No. 5:24-cv-00336-KKC, E.D. Ky. July 2, 2025), DE 12. Thus, the only question here is whether Linda's Leather may recover fees incurred opposing Zambrano's motion to consolidate that case with this action.

The Court finds that Linda's Leather may recover such fees, for the reasons set forth below. The Court will grant Linda's Leather's Motion for Attorney's Fees [DE 80] and award Linda's Leather $3,363.28 for expenses incurred because of the improper removal.

## I. BACKGROUND

This case arises from a dispute between Plaintiff Linda's Leather, LLC ("Linda's Leather") and Defendant Victor Zambrano ("Zambrano") over the inventorship and rights to certain patented horse collars. Linda's Leather, of which Linda Scott ("Scott") is a member, is the assignee of U.S. Patent No. 10,398,129 ("the '129 Patent") and U.S. Design Patent No. D869,783 ("the '783 Patent"). The patented products concern anti-cribbing horse collars sold by Linda's Leather under the "NO-NO Collar" branding. [DE 1, PageID# 2–4].

According to the Complaint, Zambrano marketed and sold infringing products despite repeated notice of the patents. Linda's Leather alleges that Zambrano was

first placed on notice as early as October 19, 2016, through a letter from a Linda's Leather representative, notifying him of the issued patents and asserting infringement. [DE 1, PageID# 2, 5–6]. Zambrano, however, alleges he conceived of the collar design years prior. He claims Scott and Linda's Leather improperly appropriated his invention without attribution or consent. [DE 7, PageID# 59–60].

Linda's Leather filed the Complaint on February 15, 2021, asserting patent infringement and seeking injunctive relief and damages. [DE 1, PageID# 1]. On April 16, 2021, Zambrano filed an answer and counterclaims asserting invalidity, noninfringement, and claims under state law. [DE 7, PageID# 59]. Zambrano then brought a Third-Party Complaint against Scott. [DE 10, PageID# 432]. After multiple rounds of motion practice and two iterations of a Third Party Complaint, the Court dismissed all claims against Scott without prejudice on January 10, 2022. [DE 25, PageID# 1611].

After the dismissal of the third-party claims, Zambrano refiled his state-law claims against Scott (and not Linda's Leather) in Woodford Circuit Court. That matter proceeded until October 11, 2024, when the state court issued an order transferring the case to federal court. Zambrano followed with a formal notice of removal on November 14, 2024, resulting in *Zambrano v. Scott*, No. 5:24-cv-00336-KKC (E.D. Ky. 2024).[2]

---

[2] Zambrano tendered a copy of the Woodford Circuit Court's Order as explanation for why he removed the *Zambrano* matter in the first place. In the state court matter, *Zambrano v. Scott*, No. 21-CI-00232 (Ky. Cir. Ct. Woodford Cnty.), Judge Mattox initially dismissed Zambrano's claims against Scott on the merits and also for lack of subject matter jurisdiction. [DE 70-2, PageID# 1769]. Judge Mattox, however, granted Zambrano's subsequent motion to alter, amend, or vacate under Kentucky Rule of Civil Procedure 59.05, reasoning that the action "should have been transferred to the proper federal court and linked to the pending patent action, so that it may be properly heard rather than

On January 6, 2025, and while Scott's motion to remand was being briefed in *Zambrano*, Zambrano filed a motion in this action to consolidate the two cases under Federal Rule of Civil Procedure 42(a). [DE 70]. He argued that that the removed state claims and the existing federal claims stemmed from the same underlying patent dispute and should be litigated together. [DE 70, PageID# 1741]. After filing a response to Zambrano's motion to consolidate, Linda's Leather moved to stay the operative scheduling order, citing uncertainty arising from the still-unresolved jurisdictional and procedural issues in *Zambrano*. [DE 73, PageID# 1751]. The Court granted the motion and stayed this case pending resolution of the remand issue. On July 2, 2025, Judge Caldwell granted Scott's motion to remand, determining that removal was improper. *Zambrano v. Scott*, No. 5:24-cv-00336-KKC (E.D. Ky. July 2, 2025) (DE 12).

In light of the remand, Judge Boom denied Zambrano's motion to consolidate as moot. [DE 76]. Linda's Leather then moved for attorneys fees under 28 U.S.C. § 1447(c), seeking reimbursement of fees incurred defending against the motion to consolidate. [DE 80, PageID# 1802].

## II. LEGAL STANDARD

Under 28 U.S.C. § 1447(c), a district court remanding a case to state court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Supreme Court has held that a federal court

---

dismissed entirely." [DE 70-2, PageID# 1770]. Accordingly, the court amended its prior order to "transfer[] rather than dismiss[] [the] action in its entirety to federal court in which the parties['] patent action is currently pending." [DE 70-2, PageID# 1771].

may consider collateral issues, such as award for costs and attorneys fees, after the case lacking jurisdiction has already been dismissed. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395, 110 S. Ct. 2447, 2455, 110 L. Ed. 2d 359 (1990). The Sixth Circuit has extended this rationale to applications for costs under § 1447(c) and held that a party may seek fees under that statute following remand and that the district court maintains jurisdiction over such applications. *Stallworth v. Greater Cleveland Reg'l Transit Auth.*, 105 F.3d 252, 256 (6th Cir. 1997) (following *Moore v. Permanente Med. Grp., Inc.*, 981 F.2d 443, 445 (9th Cir. 1992))

Section § 1447(c) imposes distinct limitations for an award for costs following remand of a case to state court. First, the removal must lack an objectively reasonable basis. Second, the fees must be incurred "as a result of the removal." Each prong is independently necessary for an award of fees. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); *Warthman v. Genoa Twp. Bd. of Trustees*, 549 F.3d 1055, 1059 (6th Cir. 2008).

The first inquiry looks to the removal itself and asks whether the removing party had an objectively reasonable basis for removal. *Martin*, 546 U.S. at 141. The Sixth Circuit emphasizes that a fee award is appropriate when removal lacked even a colorable basis. *See Warthman*, 549 F.3d at 1059–60 ("'Absent unusual circumstances,' the Supreme Court instructs that fee awards are appropriate 'only where the removing party lacked an objectively reasonable basis for seeking removal.'").

The second clause of § 1447(c) looks to what came after the improper removal. Specifically, it limits compensable fees to those "incurred *as a result of* the removal." 28 U.S.C. § 1447(c) (emphasis added); *see also Warthman v. Genoa Twp. Bd. of Trs.*, 549 F.3d 1055, 1060 (6th Cir. 2008).

Although the Sixth Circuit has not drawn the outer limits of what expenses are compensable under § 1447(c), district courts within this Circuit generally recognize that removal-related costs are not limited to briefing the remand motion. For example, *Shooter Constr. Co. v. Wells Fargo Ins. Servs. USA, Inc.* expressly rejected the argument that § 1447(c) caps recoverable fees at preparing the motion to remand. No. 3:11-CV-181, 2011 WL 6339680, (S.D. Ohio Nov. 28, 2011) (report and recommendation), adopted sub nom. *Shooter Constr. Co. v. Accordia of Ohio, LLC*, No. 3:11-CV-181, 2011 WL 6370061 (S.D. Ohio Dec. 19, 2011). It awarded fees associated with litigating the fee motion itself, noting that compensable expenses include those incurred in the "second judicial system" created by the improper removal. *Id.* at *2 (citing *Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 411 (7th Cir.2000)). Similarly, in *Riverview Health Institute, LLC v. North American Laserscopic Spine Institute, LLC*, following *Shooter Constr. Co.*, the court awarded fees for jurisdictional discovery, the motion to remand, and the fee application, finding all were incurred as a result of the improper removal. No. 3:12CV00428, 2014 WL 2561556, at *4 (S.D. Ohio June 6, 2014) (report and recommendation), adopted sub nom. *Riverview Health Inst. LLC v. N. Am. Lasercopic Spine Inst.*, No. 3:12CV00428, 2014 WL 3695463 (S.D. Ohio July 24, 2014).

Courts in other jurisdictions have reached similar conclusions. In *Arnhoelter v. Kaus*, for instance, the court found that the plaintiff was entitled to recover over $38,000 in fees, including costs associated with opposing a motion to consolidate and litigating the fee application. No. CV-20-00403-PHX-JAT, 2020 WL 4673160, at *3 (D. Ariz. Aug. 12, 2020) (citing *Moore v. Permanente Med. Grp.*, 981 F.2d 443, 447 (9th Cir. 1992)) (holding that such an award aligned with § 1447(c)'s purpose of reimbursing plaintiffs for unnecessary litigation costs including time spent on motion to remand, motion to consolidate, motion to stay, and fee application). Moreover, *Aloha Tower Assocs. Piers 7, 8 & 9 Ltd. P'ship v. Millennium Aloha, Inc.* upheld a fee award for *plaintiff's* motion to consolidate because the need to consolidate arose from defendant's improper removal of two state court actions. 938 F. Supp. 646, 648–49 (D. Haw. 1996) ("Consolidation enhanced judicial economy in federal court. Had [plaintiff] not moved to consolidate, it probably would have incurred more fees and costs for which [defendant] would be responsible.").

Conversely, courts generally deny recovery where the plaintiff fails to show a causal link to removal. In *Marel v. LKS Acquisitions, Inc.*, for example, the court denied the plaintiff's for more than $346,000 in attorneys fees incurred litigating the case in federal court after the Sixth Circuit concluded on appeal that the district court lacked subject matter jurisdiction was lacking. No. 3:06-cv-366, 2010 WL 1372412, at *2 (S.D. Ohio Mar. 31, 2010). Because the plaintiff never moved to remand, the court found no compensable expenses under 28 U.S.C. § 1447(c), reasoning that "'incurred as a result of the removal' means attorneys fees and costs incurred to

prosecute a remand effort." *Id.* at *3. Although the removal was objectively unreasonable in *Marel*, the court held that fees were unwarranted in the absence of any attempt to challenge removal. This reasoning suggests that such fees—including those incurred throughout the litigation and appeal—might have been compensable had the plaintiff taken affirmative steps to seek remand. *See id.*; *see also Avitts v. Amoco Prod. Co.*, 111 F.3d 30, 32 (5th Cir. 1997) ("We conclude therefore that a party's costs of opposing removal, seeking remand, and other expenses incurred because of the improper removal may be awarded. By contrast, ordinary litigation expenses that would have been incurred had the action remained in state court are not recoverable because such expenses are not incurred 'as a result of the removal.'") (denying award of attorneys fees where plaintiff "b[ore] a substantial share of the responsibility for the case remaining in federal court").

The rationale underpinning these case-specific determinations is that § 1447(c) is a fee-shifting statute requiring courts to limit downstream costs and avoid rewarding avoidable litigation expenses. *See e.g.*, *3W International, Inc. v. Scottdel, Inc.*, 722 F. Supp. 2d 934, 936–37 (N.D. Ohio 2010); *Aloha Tower Associates Piers 7, 8 & 9, Ltd. Partnership*, 938 F. Supp. at 648–49. The statute, also, is discretionary and the Court can deny an award where unusual circumstances arise, such as cases where a party delays seeking remand or fails to "disclose facts necessary to determine jurisdiction[.]" *Martin*, , 546 U.S. at 141.

## III. ANALYSIS

### A. Linda's Leather is Entitled to Attorneys Fees Under 28 U.S.C. § 1447(c)

#### 1. Zambrano's Removal of the State Court Action Was Objectively Unreasonable

Here, the first requirement for demonstrating an entitlement to attorney's fees under 28 U.S.C. § 1447(c) is easily satisfied, as Judge Caldwell has already held that that Zambrano's removal of the state court action (in which he was a plaintiff) to this Court was improper. Judge Caldwell explained:

> Zambrano attempts to argue that he had an objectively reasonable basis because the state court "ordered the case be transferred to federal court and that the undersigned counsel was instructed by that state court to file a notice of removal." (DE 10 at 1.) Thus, Zambrano asserts that his removal was objectively reasonable because he was following the instructions of the state court. (*Id.*) While the Court is inclined to agree that the state court's opinion is somewhat confusing in its approach to removal procedure, claiming that it "instructed [Zambrano] . . . to file a notice of removal" is not exactly accurate. The state court does not instruct Zambrano to do anything. In reality, the state court appeared to assume that it could by its own power transfer the action to federal court rather than dismissing it. It, however, cites no authority supporting the proposition that state courts can unilaterally transfer a case to federal court.
>
> Here, it is clear that there was no objectively reasonable basis for Zambrano to seek removal to federal court and that no unusual circumstances warrant a departure from that rule. Regardless of how Zambrano interpreted the state court's order, a cursory search into removal procedure would show that plaintiffs are not entitled to remove their case to federal court. Statute and case law are consistent that this procedural right is reserved for the defendant.

*Zambrano*, 2025 WL 1833814, at *2. The focus of this Court's analysis thus turns to the second requirement.

### 2. Fees Related to the Motion to Consolidate and Fee Application Were Incurred as a Result of the Removal

The second requirement, that the fees requested were incurred because of an improper removal, is also satisfied because Linda's Leather has demonstrated that the work done related to the motion to consolidate is causally connected to the improper removal of *Zambrano*.

Zambrano avers that Linda's Leather is not entitled to such fees under § 1447(c) for several reasons. He asserts that Linda's Leather lacks standing to seek fees related to the removal, because it was not a party to the removed case. [DE 83, PageID# 1832]. He also argues that the removal itself was made in good faith, and that attorneys fees arising from the removal are therefore improper. Finally, he argues that the fees requested are solely associated with the motion to consolidate, which he contends was procedurally proper and unrelated to the removal in *Zambrano*. [DE 83, PageID# 1832]. These arguments misapprehend § 1447(c) and the procedural history of this case.

First, with respect to standing, Zambrano offers no legal authority for the proposition that Linda's Leather is barred from seeking fees under § 1447(c). The Court likewise finds no federal decision holding that a party lacks standing to pursue such fees where it can demonstrate a direct causal link between an improper removal and fees incurred as a result. On the contrary, the statutory text and governing case law suggest the opposite. As the Supreme Court explained in *Martin*, the "large objectives" of § 1447(c) are to reduce the burdens of improper removal, discourage dilatory tactics, and promote the efficient resolution of claims in state court. 546 U.S.

132, 140–41 (2005) (citing *Indep. Fed'n of Flight Attendants v. Zipes*, 491 U.S. 754, 759, 109 S. Ct. 2732, 2735, 105 L. Ed. 2d 639 (1989)). Those objectives are frustrated where, as here, a procedurally improper removal multiplies litigation and forces a party to expend resources to address it. The removal in *Zambrano* led to Linda's Leather defending against a meritless motion to consolidate and required this Court to expend time and resources across two separate dockets. Judge Caldwell made clear that the removal lacked any colorable basis. *See supra* Section III.A.1 (quoting *Zambrano*, 2025 WL 1833814, at *2). Viewing these circumstances through the lens of deterrence articulated in *Martin*, the Court concludes that Linda's Leather may properly seek fees under § 1447(c), and that awarding fees lies within the Court's discretion.

Second, it is immaterial whether Zambrano's motion to consolidate was made in good faith. To support his argument that he filed the motion to consolidate in good faith, Zambrano asserts that the motion to consolidate in this action was filed while *Zambrano* was "still pending," and that "it was unclear" whether Scott would seek remand. [DE 83, PageID# 1832]. On the contrary, Scott filed her motion to remand in *Zambrano* on December 16, 2024, while Zambrano filed the motion to consolidate in this action on January 6, 2025. *Zambrano*, No. 5:24-cv-00336-KKC (E.D. Ky. Dec. 16, 2024) (DE 3); [DE 70]. Nonetheless, the critical question under § 1447(c) is not whether the motion to consolidate was improperly motivated, but whether the fees were incurred as a result of an objectively unreasonable removal. *See Martin*, 546 U.S. 132, 139–41 (2005). Here, Judge Caldwell determined that *Zambrano* was

improperly removed and that removal was objectively unreasonable. And this Court determines that the fees incurred in this action for which Linda's Leather requests an award are a direct result of that removal, as explained further below.

Third, Zambrano's contention that the motion to consolidate and the motion to remand in *Zambrano* are unrelated is unpersuasive. Zambrano's decision to file a motion to consolidate during the pendency of a jurisdictional challenge only reinforces its association with the removal. Indeed, Judge Boom stayed this case pending resolution of the remand motion in the related action—confirming that consolidation had tangible consequences on this litigation. [DE 74]. And once remand was granted, the motion to consolidate was denied as moot. [DE 76]. Had Zambrano not removed the state-court case, there would have been no second federal action to consolidate and no need for Linda's Leather to respond or to seek a stay. [DE 70, 73].

Zambrano also contends that a removed case is merely a continuation of the state-court action and not a new proceeding. He cites *Carnegie-Mellon University v. Cohill*, 484 U.S. 343 (1988), and *Vogel v. United States Office Products Co.*, 258 F.3d 509 (6th Cir. 2001), for this proposition. But the continuity of the litigation does not negate the fact that removal changes the forum and imposes new burdens and expenses. Removal, particularly when improper, forces the non-removing party to incur costs they would not otherwise have faced. *See Warthman*, 549 F.3d at 1060. As the Seventh Circuit aptly put it, an "[u]njustified removal complicates and extends litigation" requiring recompense when an adversary "wrongfully drags [another party] into a second judicial system." *Garbie*, 211 F.3d at 411 (citing *Wisconsin v.*

*Glick*, 782 F.2d 670 (7th Cir.1986)). Thus, Zambrano's argument that it should view the removal in *Zambrano* as a mere continuation of state court proceedings that would have occurred regardless of the removal is unpersuasive.

Courts routinely award fees for litigation activity causally related to an improper removal of a case to federal court. *See, e.g.*, *Shooter Constr. Co.*, 2011 WL 6339680, at *2 (allowing recovery for work on fee application); *Riverview Health Inst., LLC*, 2014 WL 2561556, at *4 (fees awarded for remand motion, jurisdictional discovery, and fee application); *Arnhoelter*, 2020 WL 4673160, at *3 (fees awarded for opposing consolidation and seeking stay). Here, the record clearly demonstrates that Linda's Leather was put in the position of defending against a motion to consolidate that would not have existed but-for Zambrano removing his state court case to this Court. Having satisfied both elements under § 1447(c), the Court finds that Linda's Leather is entitled to attorneys fees incurred as a result of that removal.

**B.  LINDA'S LEATHER'S REQUESTED ATTORNEY'S FEES ARE REASONABLE**

Since Linda's Leather is entitled to attorney's fees under 28 U.S.C. § 1447(c), the Court turns to whether the requested fees are reasonable. In total, Linda's Leather requests fees in the amount of $3,363.28. That total includes $3,281.25 in fees for legal services rendered by Linda's Leather's attorney, and $82.03 for general fees including telephone use, photocopying, and postage.

The Court uses the lodestar method to assess the reasonableness of a fee request. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Under this method, "the fee amount equals 'the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *B & G Min., Inc. v. Dir., Off. of Workers' Comp.*

*Programs*, 522 F.3d 657, 661 (6th Cir. 2008) (quoting *Hensley*, 461 U.S. at 433). The Court again notes that § 1447(c) further provides that any award of costs be "just" and reflect "actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

Although Zambrano does not object to the amount requested, the Court has independently reviewed the fee entries and compared them to the fee request granted by Judge Caldwell in *Zambrano* to confirm that no duplicative charges are present. The Court notes that while some entries share similar descriptions and dates, counsel for Linda's Leather and Linda Scott specifically identified when partial time entries were recorded. *Compare* [DE 80-2, PageID# 1816] *with Zambrano*, No. 5:24-cv-00336-KKC (E.D. Ky. May 12, 2025) (DE 7-2). Based on this review, the Court finds the requested fees reasonable under the lodestar method and is satisfied that Linda's Leather is not seeking fees for work performed in *Zambrano*, despite the overlapping subject matter. Accordingly, the Court finds that the attorneys fees requested by Linda's Leather are just, reflect actual expenses, and that such expenses were incurred as a result of the removal in *Zambrano*. Furthermore, the fees are proper under the lodestar method.

## IV.     CONCLUSION

For the reasons detailed above, the Court finds that Linda's Leather is entitled to attorney's fees incurred as a result of the improper removal of *Zambrano v. Scott*, No. 5:24-cv-00336-KKC (E.D. Ky. 2024). Accordingly,

**IT IS ORDERED** that Linda's Leather's Motion for Attorneys Fees [DE 80] is **GRANTED** and the Court **DIRECTS** Zambrano to pay Linda's Leather $3,363.28 for expenses incurred as a result of the improper removal.

Signed this the 28th of July, 2025.

MATTHEW A. STINNETT
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF KENTUCKY